THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
(GREENVILLE DIVISION)

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 6:23-cv-4177-JDA |
| v. | ) ) ) | |
| HEIGHTS FINANCE HOLDING CO. f/k/a SOUTHERN MANAGEMENT CORPORATION; COVINGTON CREDIT OF ALABAMA, INC.; SOUTHERN FINANCE OF TENNESSEE, INC.; COVINGTON CREDIT OF GEORGIA, INC.; SOUTHERN FINANCE OF SOUTH CAROLINA, INC.; COVINGTON CREDIT OF TEXAS, INC.; COVINGTON CREDIT, INC.; and QUICK CREDIT CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO LIFT THE STAY

The Consumer Financial Protection Bureau (Bureau) moves this Court to lift the stay ordered in its May 30, 2024 text order because this matter is excepted from the automatic stay provision in 11 U.S.C. § 362(a) under the police-and-regulatory power exception set forth in 11 U.S.C. 362(b)(4).

## BACKGROUND

The Bureau is an independent agency of the United States created by the Consumer Financial Protection Act of 2010 (CFPA or Act)[1] to regulate the offering and provision of consumer-

---

[1] 12 U.S.C. § 5491(a).

1

financial products and services under federal consumer-financial laws.[2] The Bureau has independent litigating authority and is authorized to initiate civil actions in federal district court to secure appropriate relief for violations of "Federal consumer financial law," including the CFPA itself.[3] Under the CFPA, the Bureau has specific enforcement authority "to prevent a covered person or service provider from committing or engaging in any unfair, deceptive, or abusive act of practice under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service."[4]

Defendants make high-cost, small-dollar installment loans to vulnerable, low-income consumers.[5] Exercising its police and regulatory power, the Bureau filed this action against Defendants on August 23, 2023, alleging multiple violations of the CFPA.[6] The Bureau's complaint alleges that the Defendants snared and churned tens of thousands of vulnerable consumers in multi-year cycles of debt by:

- underwriting high-cost installment loans, with APRs reaching the high double-digits, with little regard for consumers' ability to repay them on time and without repeatedly refinancing to avoid default or prolonged delinquency;[7]

- targeting consumers with a demonstrated "propensity to refinance" these installment loans rather than consumers who would repay on time and without refinancing;[8]

---

[2] *Id.*
[3] 12 U.S.C. § 5564.
[4] 12 U.S.C. § 5531(a).
[5] *See* Compl., ECF No. 1, at ¶¶ 21-22, 26.
[6] *Id.*
[7] *See id.* at ¶¶ 23-24, 29-37.
[8] *See id.* at ¶¶ 38-43.

2

- leveraging borrower payment stress and a coercive collections environment to induce consumers into serially refinancing their loans;[9] and

- capturing upfront fees, eroding consumers' available credit, and making eventual payoff even more difficult with each successive refinance.[10]

Consumers continue to be harmed by Defendants' conduct, including borrowers with annual incomes of less than $25,000 and impaired credit, older Americans on Social Security or other forms of fixed income, and single-parent wage earners.[11] The Bureau's complaint further alleges that this conduct violates the CFPA's prohibition against unfair and abusive acts or practices, and seeks injunctive relief, civil money penalties, and restitution to remedy these violations and prevent additional violations in the future.[12]

On March 25, more than six months after the Bureau commenced this action, Defendants filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101, *et seq.*) in the Southern District of Texas.[13] Curiously, Defendants' disclosure statements to the bankruptcy court neglect to mention that this lawsuit was pending against them at the time.[14] The following day, this Court ordered that this matter be stayed pending the

---

[9] *See id.* at ¶¶ 48-76.
[10] *See id.* at ¶¶ 77-92.
[11] *See id*. at ¶ 26.
[12] *See id.* at ¶¶ 93-129, Prayer for Relief at pp. 37-38.
[13] *In re: CURO Group Holdings Corp., et al.*, No. 24-90165 (Bank. S.D. Tex. March 25, 2024).
[14] *See* Disclosure Statement Relating to the Joint Prepackaged Plan of Reorganization of CURO Group Holdings Corp. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code, *In re: CURO Group Holdings Corp., et al.*, No. 24-90165 (Bankr. S.D. Tex. Mar. 28, 2024), ECF No. 51, at 79 (stating that there could be no assurance "that the CFPB's ongoing investigation or future exercise of its enforcement, regulatory, discretionary or other powers will not result in findings or alleged violations of consumer financial protection laws that could lead to enforcement actions, proceedings or litigation"); Disclosure Statement Relating to the Joint Prepackaged Plan of Reorganization of CURO Group Holdings Corp. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (Modified), ECF No. 120, at 79 (same).

resolution of *CFPB v. Cmty. Fin. Servs. Ass'n of Am., Ltd. (CFSA)*, No. 22-448, in the United States Supreme Court, and instructed the parties to file a joint status report within 30 days after the Supreme Court issued its decision in that case. (The Supreme Court has since ruled in the Bureau's favor, as the parties' forthcoming joint status report will detail.)

In the meantime, Defendants waited more than two months after filing their bankruptcy petition to file the Notice at issue here. This Court initially granted the Bureau until June 7 to respond to the Notice[15] but has since ordered that this case be stayed pending the conclusion of Defendants' reorganization.[16] While recognizing this Court's inherent authority to manage its docket, the Bureau respectfully requests that this Court determine that the automatic stay in bankruptcy does not apply to this lawsuit, that Defendants' Notice does not otherwise support a stay, and to lift the stay.

## ARGUMENTS & AUTHORITIES

This Court has the authority to determine, in the first instance, whether the automatic stay in bankruptcy even applies to this action. Federal district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[17] Courts in this Circuit and the Fifth Circuit, where Defendants' bankruptcy is currently pending, have consistently held that district courts (including state courts) have concurrent jurisdiction to determine whether the automatic stay applies to the matters pending before them.[18]

---

[15] May 30, 2024 Text Order, ECF No. 56.
[16] May 30, 2024 Text Order, ECF No. 57.
[17] 28 U.S.C. § 1334(b).
[18] *See U.S. Dep't of Hous. & Urb. Dev. v. Cost Control Mktg. & Sales Mgmt. of Virginia, Inc.*, 64 F.3d 920, 927 n.11 (4th Cir. 1995) (recognizing that district court had concurrent jurisdiction to determine the effect of the bankruptcy proceedings on the case pending before it) (citing *Brock v. Morysville Body Works, Inc.*, 829 F.2d 383 (3d Cir. 1987)); *Gilchrist v. Gen. Elec. Cap. Corp.*,

4

The automatic stay does not apply here. Section 362(b)(4) of the Bankruptcy Code establishes an exception to the automatic stay for "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power."[19] Government lawsuits to enforce consumer-protection statutes, such as the CFPA, fit squarely within this police-and-regulatory-power exception.[20]

---

262 F.3d 295, 303 (4th Cir. 2001) (same); *Picco v. Glob. Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990) ("The automatic stay of the bankruptcy court does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding. As we have noted, other district courts retain jurisdiction to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay."); *Hunt v. Bankers Tr. Co.*, 799 F.2d 1060, 1069 (5th Cir. 1986) ("While section 362 of the Bankruptcy Code stays the continuation of a judicial proceeding that was commenced before a commencement of the bankruptcy case, the Texas district court had jurisdiction to determine its applicability to the case pending in the Texas district court"); *In re Edwin A. Epstein, Jr. Operating Co., Inc.*, 314 B.R. 591, 599 n.14 (Bankr. S.D. Tex. 2004) (noting that district courts retain jurisdiction); *In re Gandy*, 327 B.R. 796, 801 (Bankr. S.D. Tex. 2005) ("[T]he state courts in the present cases had the authority to determine that the automatic stay did not apply to the governmental units' actions to enforce their police and regulatory power.").
[19] 11 U.S.C. § 362(b)(4).
[20] *See CFPB v. Think Fin., LLC*, No. 17-cv-127, 2018 WL 734661, at *4 (D. Mont. Feb. 6, 2018) (finding Bureau's lawsuit to enforce the CFPA was a police and regulatory action excepted from the automatic stay) (citing *In re Universal Life Church, Inc.*, 128 F.3d 1294, 1297 (9th Cir. 1997)); *see also FTC v. AmeriDebt, Inc.*, 343 F. Supp. 2d 451, 458 (D. Md. 2004) ("The obvious purpose of the present action, indeed of the FTC Act itself, is protection of the public welfare and the effectuation of public policy respecting the credit counseling industry. Regardless of whether private rights of consumers may be adjudicated in some fashion, in this proceeding the FTC is operating on behalf of the public interest, not as a creditor seeking to assert its own pecuniary interest."); *In re Asset Control Co. of N. Carolina*, 90 B.R. 192, 195 (Bankr. D.S.C. 1988) (finding North Carolina's lawsuit against consumer loan company that charged illegally high interest rates excepted under section 362(b)(4), reasoning that the "state's suit not only benefits specific individuals but furthers an articulated in preventing and deterring unfair or deceptive commercial conduct and usurious lending practices"); *In re Fitness Mgmt. Grp., Inc.*, No. 09-31863, 2009 WL 4230075, at *3 (Bankr. W.D.N.C. Nov. 23, 2009) ("Courts have

As courts in this Circuit have explained, "if the purpose of the law is to promote public safety and welfare, or to effectuate public policy, then the exception applies."[21] This includes public enforcement actions to "prevent or stop violation of fraud, environmental protection, *consumer protection*, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law."[22] The Bureau's lawsuit against Defendants thus qualifies for the exception. The statutory purpose of the CFPA is to ensure "that all consumers have access to markets for consumer financial products and services and that markets for consumer financial products and services are fair, transparent, and competitive."[23] The Act does not even provide a private right of action; it instead empowers the Bureau and its state partners to enforce the Act's prohibition against unfair, deceptive, and abusive acts or practices, as well as an array of federal consumer-financial laws.[24] The Bureau's case fulfills the CFPA's public purpose. It seeks redress for harmed consumers, civil money penalties, and an injunction to prevent future violations of the Act.[25] And although the Bureau's Complaint seeks redress for specific individuals who have been harmed by Defendants' loan-churning practices, the overarching purpose of this case is to protect the public from Defendants' unlawful conduct and ensure that the small-dollar-lending marketplace operates with fairness, transparency, and integrity.[26]

---

recognized that the automatic stay does not bar actions to enforce consumer protection statutes.") (collecting cases).
[21] *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 865 (4th Cir. 2001) (cleaned up).
[22] *EEOC v. McLean Trucking Co.*, 834 F.2d 398, 401 (4th Cir. 1987) (emphasis added) (quoting H.R. Rep. No. 95-595, at 343 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6299) (finding EEOC lawsuits to redress alleged discrimination in hiring are valid exercise of government police power).
[23] 12 U.S.C. § 5511(a).
[24] 12 U.S.C. §§ 5531(a), 5564, 5552(a).
[25] Compl., ECF No. 1, at pp. 37-38.
[26] *See FTC v. AmeriDebt, Inc.*, 343 F. Supp. 2d at 458 ("Regardless of whether private rights of consumers may be adjudicated in some fashion, in this proceeding the FTC is operating on behalf of the public interest, not as a creditor seeking to assert its own pecuniary interest."); *In re*

Finally, Defendants have made no showing that a stay would be appropriate outside of their claim that the automatic stay in bankruptcy should apply here.[27] If there is any doubt about the propriety of a stay despite the inapplicability of the bankruptcy code's automatic-stay provision, the Bureau respectfully requests that the parties be permitted to brief the matter more fully for this Court's consideration.

## CONCLUSION

The Bureau's case against Defendants is a valid exercise of the government's police and regulatory power and should thus be excepted from the automatic stay in bankruptcy under 11 U.S.C. § 362(b)(4). The Bureau respectfully requests that the stay be lifted and that this case be allowed to proceed without further delay.

Dated: June 4, 2024                              Respectfully submitted,

Eric Halperin
*Enforcement Director*
Cara Petersen
*Principal Deputy Enforcement Director*
Alusheyi J. Wheeler
*Deputy Enforcement Director*
Kara K. Miller
*Assistant Litigation Deputy*

---

*Luskin's, Inc.*, 213 B.R. 107, 111 (D. Md. 1997) (finding section 362(b)(4) exception applied to Maryland Attorney General's case against company for running deceptive advertisements because state was not solely attempting "to protect a pecuniary interest in [the company's] property for the benefit of Maryland consumers," but also fulfilling the Maryland Consumer Protection Act's statutory purpose of "protecting the public interest").

[27] *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (requiring the movant to "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.").

7

*/s/ David Hendricks*
John Thompson (NM Bar No. 139788)
Admitted Pro Hac Vice
Gregory W. Jones (IL Bar No. 6313157)
Admitted Pro Hac Vice
David Hendricks (SC Bar No. 10547)
*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
202-435-7270 (Thompson)
202-573-1372 (Jones)
312-610-8967 (Hendricks)
Fax: 703-642-4585
john.thompson@cfpb.gov
gregory.jones@cfpb.gov
david.hendricks@cfpb.gov
*Attorneys for the Consumer Financial Protection Bureau*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.02

Counsel for the Bureau consulted with Defendants' counsel on June 4, 2024 on the issues set forth in this Motion but were unable to reach agreement.

*/s/ David Hendricks*

David Hendricks