# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | ) )  Civil Action No.: 6:23-CV-04177-JDA |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| HEIGHTS FINANCE HOLDING CO. f/k/a SOUTHERN MANAGEMENT CORPORATION; COVINGTON CREDIT OF ALABAMA, INC.; SOUTHERN FINANCE OF TENNESSEE, INC.; COVINGTON CREDIT OF GEORGIA, INC.; SOUTHERN FINANCE OF SOUTH CAROLINA, INC.; COVINGTON CREDIT OF TEXAS, INC.; COVINGTON CREDIT, INC.; and QUICK CREDIT CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING RULING ON DEFENDANTS'**
**<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

Defendants Heights Finance Holding Co. f/k/a Southern Management Corporation, Covington Credit of Alabama, Inc., Southern Finance of Tennessee, Inc., Covington Credit of Georgia, Inc., Southern Finance of South Carolina, Inc., Covington Credit of Texas, Inc., Covington Credit, Inc., and Quick Credit Corporation (collectively, "Defendants") respectfully submit this Memorandum in Support of Motion to Stay Discovery (this "Motion") pending the Court's ruling on Defendant's Motion for Judgment on the Pleadings (the "Rule 12(c) Motion") and show this Court as follows:

## BACKGROUND

The Consumer Financial Protection Bureau ("CFPB") filed this action on August 22, 2023. (ECF No. 1). On October 24, 2023, Defendants filed an Answer to the Complaint. (ECF No. 28). On November 13, 2023, the CFPB filed a Motion to Strike portions of the Answer. (ECF No. 30). Defendants subsequently filed an opposition to the Motion to Strike, which, in part, sought leave to file an Amended Answer. (ECF No. 33). After additional correspondence between the parties, a status conference with the Court, and the Court granting leave to file the First Amended Answer, Defendants filed the First Amended Answer on March 12, 2024. (ECF No. 51).

Thereafter, on March 26, 2024, this Court entered an Order staying this lawsuit, pending the U.S. Supreme Court's decision in *CFPB v. Cmty. Fin. Servs. Ass'n of Am., Ltd.* ("CFSA"). (ECF No. 53). On May 16, 2024, the U.S. Supreme Court issued its decision in *CFSA*. *See CFPB v. Cmty. Fin. Servs. Ass'n of Am., Ltd.*, 601 U.S. 416 (2024). On May 24, 2024, Defendants filed a Notice of Suggestion of Bankruptcy and Automatic Stay (ECF No. 55) with this Court, and, on May 30, 2024, this Court entered an Order staying this action pending bankruptcy proceedings, statistically closing the case, and instructing the parties to move to reopen the case upon completion of the bankruptcy proceedings. (ECF No. 57).

On June 4, 2024, the CFPB filed a Motion to Lift the Stay. (ECF No. 59). The parties later agreed to lift the stay and submitted a proposed order to that effect. On July 24, 2024, the Court entered an Order granting the Motion to Lift the Stay, restoring the case to active status, and directing the parties to email a consent amended scheduling order to chambers by August 9, 2024. (ECF No. 67).

On July 30, 2024, Defendants filed the Rule 12(c) Motion (ECF No. 70) seeking the dismissal of counts in the Complaint. The parties have negotiated a briefing schedule related to the Rule 12(c) Motion, which will be submitted to the Court for its consideration. In light of the Rule 12(c) Motion, which asserts multiple defenses that are potentially case dispositive, Defendants submit this Motion requesting a stay of discovery, pending the Court's ruling on the Rule 12(c) Motion. For the reasons stated below, the Court should grant this Motion.

## ARGUMENT

Under Fed. R. Civ. P. 26(c), a court may stay discovery during the pendency of a dispositive motion for "good cause." *Dillon v. BDI Pharma, Inc.,* No. CV 3:18-2058-MGL, 2019 WL 3006777, at *1 (D.S.C. Feb. 12, 2019). The moving party bears the burden of demonstrating good cause and reasonableness and must show the benefits of a stay outweigh the cost of a delay. *Boudreaux Grp., Inc. v. Clark Nexsen, Owen, Barbieri, Gibson, P.C.*, No. 8:18-CV-1498-TMC, 2018 WL 9785308, at *4 (D.S.C. Nov. 20, 2018). To determine whether a stay should be granted requires a case-by-case analysis. *Herring v. Lapolla Indus., Inc.,* No. 2:12-CV-02705-RMG, 2013 WL 12148769, at *1 (D.S.C. Aug. 30, 2013). In assessing whether a stay of discovery is appropriate, courts consider a number of factors including "the breadth of discovery and burden of responding to it, the risk of unfair prejudice to a party opposing the stay, the nature and

complexity of the action, the posture or stage of the litigation, and any other relevant circumstances." *Id.*

Here, there is good cause to stay discovery, and the relevant factors weigh in favor of granting this Motion. First, the Rule 12(c) Motion is potentially case dispositive for any one of the multiple arguments advanced therein. If the Rule 12(c) Motion is granted, the lawsuit will be dismissed and there will be no need for the parties to engage in lengthy, protracted, and expensive discovery. Additionally, if the Court ultimately grants the Rule 12(c) Motion in part (*i.e.*, dismisses some, but not all claims), such a ruling will narrow the scope of discovery and alleviate the burdens associated with broader discovery. Given the scope of the issues raised in the Complaint and the fact that the CFPB purports to assert claims going back to 2013, discovery is likely to be broad and burdensome. A stay of discovery pending the Court's ruling of the Rule 12(c) Motion will alleviate the risk that Defendants unnecessarily bear the burden of discovery for claims that might be dismissed.

Second, there is no risk of unfair prejudice to the CFPB. Defendants do not seek an indefinite stay of discovery; instead, it is merely a temporary postponement while the Court considers the Rule 12(c) Motion. Additionally, before the commencement of this lawsuit, the CFPB issued four civil investigative demands ("CIDs") to Defendants. In response to the CIDs, Defendants produced voluminous written responses, data reports, documents, and testimony from corporate representatives over a two-year period. Therefore, the CFPB has already received from Defendants vast amounts of information that it would presumably seek again as part of its

discovery efforts. Given the temporary nature of the requested stay and the extensive CID productions preceding litigation, there is simply no risk of unfair prejudice to the CFPB.[1]

Third, the nature and complexity of this lawsuit supports staying discovery. The Complaint raises novel theories of liability under the Consumer Financial Protection Act (the "CFPA"). As discussed in the Rule 12(c) Motion, Defendants offer installment loans that are heavily regulated under the Truth in Lending Act ("TILA") and its implementing Regulation Z. Yet the Complaint is conspicuously missing TILA and Regulation Z claims. Instead, the CFPB alleges that Defendants engaged in unfair and abusive conduct because they did not follow requirements *not* found in TILA or Regulation Z. As a result, the CFPB seeks to impose on Defendants, and, by extension, the rest of the financial services industry, new compliance obligations on installment loans, even though Congress and the CFPB itself expressly declined to impose the (non-existent) requirements described in the Complaint. The CFPB's attempt to do so presents significant constitutional, statutory, and due-process issues raised in the Rule 12(c) Motion. In sum, this lawsuit is complex, the scope of the claims are broad (both in terms of substance and duration), and the broader marketplace implications are likely widespread.[2] These factors weigh in favor of a stay of discovery.

Finally, the procedural posture of the case supports a stay of discovery. This case remains at a preliminary stage. The parties have not yet submitted any Rule 26 pleadings, and the Court has not yet entered an Amended Scheduling Order. Because there are no current deadlines in this

---

[1] Defendants also have in place a litigation hold to maintain and preserve documents that might be the subject of discovery.

[2] The parties have agreed to a proposed extended briefing schedule for the Rule 12(c) Motion recognizing the complexity of the issues therein.

case (much less any imminent deadlines that would be impacted by staying discovery), the posture of the case supports the requested stay.

In sum, each of the factors the Court may consider in deciding this Motion supports the temporary stay of discovery. A stay will ensure the parties do not unnecessarily expend significant resources on discovery, when the claims—and the entire Complaint—might be dismissed pursuant to Rule 12(c). Accordingly, good cause exists for a temporary stay and the Court should exercise its discretion to stay discovery until it issues a ruling on the Rule 12(c) Motion. *See Dillon*, 2019 WL 3006777, at *1.

## **CONCLUSION**

For these reasons, Defendants respectfully request that the Court enter an Order staying discovery while the Rule 12(c) Motion remains pending. Defendants further request any additional relief the Court deems proper.

[signature block on following page]

Dated: July 30, 2024                              Respectfully submitted,

*/s/ William M. Wilson III*
William M. Wilson III  (Fed. Bar No. 7611)
WYCHE, P.A.
200 E. Broad Street, Suite 400
Greenville, South Carolina 29601
Telephone: 864.242.8294
Facsimile: 864.235.8900
bwilson@wyche.com

William J. Farley III (Fed. Bar No. 12004)
TROUTMAN PEPPER HAMILTON SANDERS LLP
301 S. College Street, Suite 3400
Charlotte, North Carolina 28202
Telephone:  704.998.4099
Facsimile:  704.998.4051
will.farley@troutman.com

Chris J. Willis (GA #766297 *pro hac vice*)
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308
Telephone:  404.885.3000
Facsimile: 404.885.3900
chris.willis@troutman.com

James Kim (NY #3018397, *pro hac vice*)
Sarah E. Pruett (NY #5154422 *pro hac vice*)
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue,
New York, New York 10022
Telephone: 212.704.6000
Facsimile: 212.704.6288
james.kim@troutman.com
sarah.pruett@troutman.com

*Counsel for Defendants*