**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>HEIGHTS FINANCE HOLDING CO. f/k/a SOUTHERN MANAGEMENT CORPORATION; COVINGTON CREDIT OF ALABAMA, INC.; SOUTHERN FINANCE OF TENNESSEE, INC.; COVINGTON CREDIT OF GEORGIA, INC.; SOUTHERN FINANCE OF SOUTH CAROLINA, INC.; COVINGTON CREDIT OF TEXAS, INC.; COVINGTON CREDIT, INC.; and QUICK CREDIT CORPORATION,<br><br>Defendants. | Civil Action No. 6:23-CV-04177-JDA |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

The Bureau submits this surreply to address Defendants' argument, made for the first time in its reply brief, that the Bureau's ability to seek additional appropriations from Congress for amounts exceeding transfers from the Federal Reserve Board provides a "back-up funding" mechanism that supports Defendants' view that "earnings" must mean "surplus." Reply at 3.

Defendants misread the Bureau's statute. Subsection 5497(e) authorizes the Bureau's Director to determine that funds from the Federal Reserve "will not be sufficient" for the Bureau to carry out its duties "for the upcoming year" and to request additional amounts from Congress. 12 U.S.C. § 5497(e). But the very terms of that authorization show that it was meant for a situation where additional funds were needed above the statutory cap—set forth in subsection

(a)(2) of that provision—on what the Bureau can receive from Federal Reserve transfers. *See id.* § 5497(a)(2)(A) (setting this cap at a fixed amount).[1] Specifically, subsection (e) requires the Director, in requesting appropriations under that section, to report to Congress on "the extent to which the funding needs of the Bureau are anticipated *to exceed the level of the amount set forth in subsection (a)(2)*." *Id.* § 5497(e) (emphasis added). What this language demonstrates is that Congress enacted Section 5497(e) as a means for the Bureau to secure additional funds if more were needed beyond the capped amount of transfers allowable from the Federal Reserve; it was not meant as a replacement for those transfers, as Defendants claim.

In addition to that clear textual indicator, Defendants' interpretation would also be completely unworkable, as it would require the Bureau and Congress to somehow forecast future shortfalls at the Federal Reserve with sufficient time to appropriate funds for the Bureau's continued operations. It is also directly contrary to Congress's goal that the Bureau have an "assurance of adequate funding" and be "independent of the [annual] Congressional appropriations process." S. Rep. No. 111-176, at 163.

For these reasons, and those in the Bureau's opposition, the Court should reject Defendants' atextual and unworkable interpretation and deny Defendant's motion.

Dated: October 9, 2024

Respectfully submitted,

Eric Halperin
*Enforcement Director*
Cara Petersen

[1] The cap is set at 12 percent of the Federal Reserve System's operating expenses as reported in the Board's 2009 Annual Report, adjusted according to a specialized measure of inflation. 12 U.S.C. § 5497(a)(2)(A). In fiscal year 2024, that inflation-adjusted cap is equal to $785.4 million. *See* Consumer Financial Protection Bureau, *CFO update through the first quarter of fiscal year 2024*, March 1, 2024 (rev. July 31, 2024), https://files.consumerfinance.gov/f/documents/cfpb_cfo-update_report_fy-2024_q1.pdf.

*Principal Deputy Enforcement Director*
Alusheyi J. Wheeler
*Deputy Enforcement Director*
Kara K. Miller
*Assistant Litigation Deputy*

*/s/ David Hendricks*
John Thompson (NM Bar No. 139788)
Admitted Pro Hac Vice
Meghan Sherman (NY Bar No. 4473120)
Admitted Pro Hac Vice
Gregory W. Jones (IL Bar No. 6313157)
Admitted Pro Hac Vice
Andrea Matthews (MA Bar No. 694538)
Admitted Pro Hac Vice
Derick Koo Sohn Jr. (CA Bar No. 272758)
Admitted Pro Hac Vice
David Hendricks (SC Bar No. 10547)
*Attorneys*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
202-435-7270 (Thompson)
202-435-9165 (Sherman)
202-573-1372 (Jones)
202-407-2324 (Matthews)
202-403-7895 (Sohn)
312-610-8967 (Hendricks)
Fax: 703-642-4585
john.thompson@cfpb.gov
meghan.cater@cfpb.gov
gregory.jones.@cfpb.gov
andrea.matthews@cfpb.gov
derick.sohn@cfpb.gov
david.hendricks@cfpb.gov
*Attorneys for the Consumer Financial Protection Bureau*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2024, I electronically filed the foregoing Plaintiff's Surreply in Opposition to Defendants' Motion for Judgment on the Pleadings using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ David Hendricks*
David Hendricks